FILED

NOV 19 2008

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

In re:                                          )
                                                ) Chapter 13
MARK DOWELL and MISTY E. DOWELL,                )
                                                ) Case No. 4-08-bk-00539-EWH
                                                )
                                                )
          Debtors.                              ) **MEMORANDUM DECISION**
_____)

## I. INTRODUCTION

In this case, the secured creditor seeks pre and post-confirmation adequate protection based on the principal balance of its loan rather than the value of its collateral. The creditor argues that it is entitled to have adequate protection calculated that way because creditor claims a purchase money security interest in a car the debtors acquired within 910 days of filing for Chapter 13 relief. However, for reasons set forth in the balance of this decision, adequate protection payments to so-called "910 creditors" must be based on the depreciation in the value of their collateral, not on the outstanding principal balance of their loans.

## II. FACTUAL AND PROCEDURAL HISTORY

Mark and Misty Dowell ("Debtors") filed for Chapter 13 relief on January 18, 2008. On February 5, 2008, Debtors filed a Chapter 13 Plan, which provided for pre and post-confirmation adequate protection payments of $91.00 per month to Consumer Portfolio ("Creditor"). Creditor holds a purchase money security interest in a 2007 Chevy Cobalt ("Chevy") acquired by the Debtors within 910 days of filing for Chapter 13 relief. Creditor filed objections to the confirmation of the Debtors' Chapter 13 Plan and for adequate protection. In its Motion for Adequate Protection ("Motion"), Creditor asserted that the monthly adequate protection payments, which by long-standing custom in this district are calculated by multiplying the value of a creditor's collateral by 1%, should be based on the outstanding principal balance due on Creditor's promissory note, not on the value of the Chevy. The Debtors filed a response to the Motion asserting that the adequate protection payment should be based on the Chevy's $9,100 value on the petition date. Creditor replied, asserting that under N.A.D.A. guidelines, the Chevy's market value was $10,575. A hearing was held on the Motion on August 19, 2008, but neither counsel appeared. The court set the monthly adequate protection payment at $100 with leave for Creditor to request another amount by filing a new motion.

On September 29, 2008, Creditor filed a Second Motion for Pre-Confirmation and Post-Confirmation Adequate Protection Payments ("Second Motion") in which it again argued that the correct amount of the adequate protection payments was $170. In its Second Motion, the Creditor asserted the $170 figure "represents the average depreciation amount (over a six-month period) . . . . according to the Kelly Blue Book."

2

However, no Kelly Blue Book values were attached to the Second Motion. A review of the affidavit of Wendy Corales filed in support of the Second Motion demonstrates that the amount of the adequate protection payment sought by the Creditor was based on the outstanding principal balance of its loan, a fact acknowledged by Creditor's counsel at the hearing on the Second Motion held on October 30, 2008.

All of the Creditor's objections to the Debtors' Plan have been resolved. The debtors are ready to submit a stipulated order confirming their plan once the amount of the adequate protection payment is resolved.[1]

### III. ISSUES

Should adequate protection payments due to a creditor, secured by a purchase money security interest in a vehicle purchased within 910 days of the petition date, be based on the outstanding principal amount of the debt or on the value of the car?

### IV. STATEMENT OF JURISDICTION

Jurisdiction is proper under 28 U.S.C. §§ 1334 and 157(b)(2)(M).

### V. DISCUSSION

The issue to be decided is a narrow one. The Creditor does not dispute that the amount of the adequate protection payment should be calculated by multiplying a number (either the amount of creditor's principal balance or the Chevy's value) by 1%.

---

[1] Both counsel agreed to have the court decide the issue without further briefing.

The Creditor agrees that the amount of the monthly payment will be the same for both pre and post-confirmation adequate protection payments.[2] The only issue is whether 910 car creditors are entitled to have the calculation of their adequate protection based on their outstanding principal loan balance rather than on the vehicle's value.

Creditor has requested adequate protection under Section 363(e), which provides in relevant part:

> [A]t any time, on request of an entity that has an interest in property used, sold or leased, . . . . by the trustee, the court . . . . shall prohibit or condition such use, sale or lease as is necessary to provide adequate protection to such interest.

The Bankruptcy Code does not, however, define adequate protection. Section 361 provides a non-exclusive list of ways adequate protection may be provided: by periodic cash payments, by an additional replacement lien, or by providing the "indubitable equivalent" of the secured parties-in-interest in the collateral. As Judge Lundin has noted that under Section 361:

> [A]dequate protection has always related <u>to the value of collateral</u> and any decrease in value that results from the debtor's use, sale or lease of the property during a bankruptcy case. (Emphasis added).

Keith M. Lundin, Chapter 13 Bankruptcy, 3 D. E.D. at 404.1, p 404-2 (2000 and Supp. 2007-1).

While the 2005 amendments to the Bankruptcy Code gave creditors with a purchase money security interest in personal property acquired within 910 days of the petition special protections, there are no amendments to Section 361 or any other

---

[2] Section 1325(a)(5)(B)(ii)(II) requires that all post-confirmation payments be sufficient to provide the holder of a secured claim with adequate protection "during the period of the plan."

4

section of the Code which requires that such creditors' adequate protection payments be based on anything other than the value of their collateral.

Accordingly, the Court's previous order requiring that the Debtor pay adequate protection payments of $100 per month will not be set aside. A separate order consistent with this decision will be entered this date.

Dated: November 19, 2008

*Eileen W. Hollowell*

EILEEN W. HOLLOWELL
UNITED STATES BANKRUPTCY JUDGE

Notice to be sent through the
Bankruptcy Noticing Center "BNC"
to the following:

Mark Dowell
Misty E. Dowell
1389 South Desert View Place
Apache Junction, AZ 85220

Dianne C. Kerns
Chapter 13 Trustee
7320 North La Cholla #154 PMB 413
Tucson, AZ 85741-2305

Douglas B. Price, Esq.
Law Offices of Douglas B. Price, P.C.
401 Wets Baseline Rd. #207
Tempe, AZ 85283

Jeremy T. Bergstrom, Esq.
Miles, Bauer, Bergstrom & Winters, LLP
2200 Paseo Verde Parkway #250
Henderson, NV 89052

Office of the U.S. Trustee
230 North First Avenue #204
Phoenix, AZ 85003

5